IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARCADIO FRANCISCO JR.<br><br>　　　　Plaintiff,<br>v.<br><br>ARCADIO FRANCISCO SR., RAMONA FRANCISCO, FRANCHESCA FRANCISCO, and ZULEYCA FRANCISCO<br><br>　　　　Defendants, | Civil Action No._____ |

NOTICE OF REMOVAL

NOW COME the Defendants Arcadio Francisco Sr., Ramona Francisco, Franchesca Francisco, and Zuleyca Francisco who hereby give notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the removal to this Court of the action commenced against them identified below, which is currently pending in the Norfolk County Superior Court. Removal is appropriate because the amount in controversy exceeds the sum or value of $75,000.00 and complete diversity exists between Plaintiff and each defendant. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332. In support of the removal, the Defendants state as follows:

THE ACTION

1. Arcadio Francisco Sr., Ramona Francisco, Franchesca Francisco, and Zuleyca Francisco were named as defendants in a suit filed by Plaintiff Arcadio Francisco Jr. ("Plaintiff") in the Norfolk County Superior Court, captioned Arcadio Francisco Jr. v. Arcadio Francisco Sr. et al., Case No. 2482CV00490 (the "State Court Action"). *See Exhibit 1 –Complaint.*

2. Plaintiff filed the Complaint in the State Court Action on or around May 21, 2024.

Soon thereafter, on June 3, 2024, each of the Defendants were served at their last and usual place of abode in Pennsylvania and the returns of service were filed with the Court on or about June 10, 2024. *See Exhibit 2 – Returns of Service.*

3. No Motions have been filed and no hearing have taken place. *See Exhibit 3 – State Court Action Docket.*

4. None of the Defendants have entered an appearance in the State Court Action.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

5. All of the Defendants were served with the Complaint in the State Court Action on June 3, 2024. Accordingly, the Defendants' removal is timely as the State Court Action is being removed within thirty (30) days from receipt of the pleadings. *See* 28 U.S.C. § 1446(b)(1).

6. None of the Defendants have filed any pleadings or papers in the State Court Action, and the time for the Defendants to answer, move to dismiss, or otherwise respond to Plaintiff's Complaint has not expired.

7. The undersigned counsel is representing all defendants in this matter and all defendants are in agreement to remove the action to the United States District Court. See 28 U.S.C. § 1446(b)(2)(A).

8. The United States District Court for the District of Massachusetts embraces the county in which the State Court Action was filed. Accordingly, venue is proper under 28 U.S.C. §§ 101 and 1446(a).

9. Pursuant to 28 U.S.C. § 1446(a) and L.R. 81.1, the Defendants will file certified copies of all pleadings, records, orders and proceedings from the Norfolk County Superior Court with this Court. Contemporaneous with the filing of this Notice, Defendants will provide notice to

Plaintiff and will notify the Norfolk County Superior Court of this Removal. *See Exhibit 4 – Notice of Filing of Notice of Removal.*

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

10. This Action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00. 28 U.S.C. § 1332 provides that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between…citizens of different States. 28 U.S.C. § 1332. This Action satisfies both statutory requirements.

*A. Complete Diversity of Citizenship is Present.*

11. On information and belief, Plaintiff is a citizen of Massachusetts residing in Brookline, Massachusetts. *See Ex. 1., Compl., ¶ 4*. Complete diversity of citizenship exists under 28 U.S.C. § 1332 because none of the Defendants in this Action are residents of Massachusetts. Each of the Defendants resides in Allentown, PA. *See Ex. 1., Compl., ¶¶ 5-8; Returns of Service*.

*B. The Amount in Controversy Requirement is Satisfied.*

12. In calculating the amount in controversy, "it has long been the rule that a court decides the amount in controversy from the face of the complaint, 'unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" Coventry Sewage Associates v. Dworkin Realty Co., 71 F.3d 1, 5 (1st Cir. 1995) (quoting Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353 (1961)).

13. In Plaintiff's Civil Action Cover Sheet, filed contemporaneously with the Complaint in the State Court Action, Plaintiff alleges that he has been injured in the amount of

$250,000 due to the actions of the Defendants, and SLS. *See Exhibit 5, Civil Action Cover Sheet, ¶ G.*

14. Consequently, the amount in controversy in this Action exceeds the $75,000.00 statutory threshold under 28 U.S.C. § 1332.

## CONCLUSION

15. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the Plaintiff and each of the Defendants and the amount in controversy exceeds $75,000.00.

16. If any questions arise as to the proprietary of the removal of this matter, the Defendants request the opportunity to submit briefs and be heard at oral argument in support of their position that removal is proper.

WHEREFORE, the Defendants respectfully request that this Court assume jurisdiction over this matter and that no further proceedings be held in the Norfolk County Superior Court.

Respectfully Submitted,

Arcadio Francisco Sr., Ramona Francisco, Franchesca Francisco, Zuleyca Francisco
By their attorney,

Dated: June 20, 2024

/s/ Matthew A. Ezepek, Esq.
Matthew A. Ezepek, Esq. BBO # 694535
matt@brentwarrenlaw.com
Brent Warren Law
130 Liberty Street, Suite 10
Brockton, MA 02301-7500
508.587.0533 Telephone
508.256.1078 Facsimile

## CERTIFICATE OF SERVICE

I, Matthew A. Ezepek, Esq. hereby a true and accurate copy of the foregoing document was served on this 20th day of June 2024 on counsel of record for the Plaintiff via electronic mail.

/s/ Matthew A. Ezepek, Esq.